IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                              )
        v.                    )
                              )      Criminal No. 06-007
THOMAS J. COUSAR              )
CATHERINE L. BRADICA          )
DANIEL D. MONTE               )

## MEMORANDUM and ORDER ON TRIAL MANAGEMENT

Gary L. Lancaster,
District Judge.                          December /9 , 2007

        In a fifty-three page, thirty-nine count indictment,
defendants Cousar, Bradica, and Monte have been charged with
numerous counts of mail fraud, in violation of 18 U.S.C. §§ 1341
and 2, major fraud against the government in violation of 18 U.S.C.
§§ 1031 and 2, and conspiracy in violation of 18 U.S.C. § 371.
Although it is lengthy and contains multiple counts, the indictment
essentially alleges that defendants engaged in common schemes to
defraud various victims in connection with three construction
projects.

        At a pre-trial conference on November 16, 2007, the court
asked the government for an estimate of time needed to present its
case.  The government responded that it would take "approximately
five weeks" to present its case-in-chief.  Given this substantial
estimate, the court then requested that the government submit ex
parte for in camera review, a memorandum summarizing the
government's expected testimony.  After reviewing the government's

memorandum, the court initiated a teleconference on November 28, 2007 to discuss the case and issues of trial management. During the teleconference, the court discussed its concerns regarding the length of trial. The court also asked each defendant's counsel for an estimate of time needed. Defense counsel informed the court that approximately six days would be necessary, two days per defendant, to present the defense.

As set forth below, having reviewed the record and having considered the positions of the parties, the court finds that, pursuant to Fed.R.Evid. 611(a) and the inherent power of the court, it is necessary to impose reasonable time limitations on the parties in the trial of this case.

## I.    DISCUSSION

The rules governing procedure in federal court do not explicitly authorize time limitations for a trial. However, the inherent power of a district court to manage cases before it in a just and efficient manner is codified in these rules. For example, Fed.R.Evid. 611(a) provides:

> The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

Similarly, Fed.R.Evid. 403 permits the exclusion of evidence when

its probative value is outweighed by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. The rules of evidence are equally applicable in criminal cases as in civil cases, in the absence of specific exclusions. See generally, Fed.R.Evid. 404(b) (specifically requiring prosecution in criminal case to provide reasonable notice in advance of trial of intent to introduce other crimes, wrongs or acts evidence).

The Federal Rules of Criminal Procedure likewise provide that these rules "are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." Fed.R.Crim. 2. The federal rules "repeatedly embody the principle that trials should be both fair and efficient." Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 609 (3d Cir. 1995). Indeed, as the Supreme Court has observed, "[I]f truth and fairness are not to be sacrificed, the judge must exert substantial control over the proceedings." Geders v. United States, 425 U.S. 80, 87 (1976).

Although the Court of Appeals for the Third Circuit has not directly addressed time limitations in a criminal trial, the court of appeals has recognized the inherent power of a district court "to control cases before it" and to set time limitations in a civil trial. Duquesne Light Co., 66 F.3d at 609. (internal quotations and citations omitted). As outlined above, this

inherent power has been codified in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, as well as the Federal Rules of Criminal Procedure. The court of appeals, however, has recognized that a district court should impose time limits only where necessary and "after making an informed analysis based on a review of the parties' proposed witness lists and proffered testimony, as well as their estimates of trial time." Id. at 610. The court must further "ensure that it allocates time evenhandedly." Id.

In setting limitations in a criminal trial, however, the court must also balance various concerns. Certainly, the due process concerns of defendants are paramount and the constitutional guarantees to a fair trial must be staunchly safeguarded. U.S. v. Blum, 62 F.3d 63, 67 (2d Cir. 1995). Further, the court's management of the trial must not impinge on the prosecutorial function. See U.S. v. Hildebrand, 928 F. Supp. 841, 847 (N.D. Iowa 1996). While the government has a "legitimate interest in presenting its best case against every defendant," this interest "does not have automatic priority over all other interests that a court must take into account ... to serve the interests of justice." U.S. v. Shea, 750 F.Supp. 46, 48-49 (D. Mass. 1990). Practical considerations, such as the imposition of a lengthy trial upon a jury, are also relevant. In expressing concern over a protracted criminal trial, the Seventh Circuit recently noted the

4

following:

> "Exceedingly lengthy trials lead to reduced concentration and recollection of events on the part of all participants, particularly witnesses and jurors. In very long cases, exhaustion may diminish everyone's performance. The quality and representative nature of the jury may be reduced by the fact that many citizens-often the most competent-are unable or unwilling to take the time to sit for cases lasting weeks or months."

U.S. v. Warner, 506 F.3d 517, 524 (7th Cir. 2007)(citing Gordon Van Kessel, Adversary Excesses in the American Criminal Trial, 67 Notre Dame L.Rev. 403, 478-79 (1992)).

Although it may be more common for a district court to impose time limits in a civil trial, setting time limits in a criminal trial is equally authorized. For example, in discussing the court's authority to exercise its discretion to impose time limits on a party's trial presentation in a civil case, the court of appeals for the Third Circuit cited with approval a criminal tax fraud case where the district court imposed reasonable time limits on both the government and the defendants. Id. (citing U.S. v. Reaves, 636 F.Supp. 1575 (E.D. Ky. 1986)(holding that district court has the power to impose reasonable time limits on both civil and criminal cases)). The issues raised in Reaves mirror those presented here.

In Reaves, the government estimated that the trial of three defendants for tax fraud would take a month. Upon further inquiry, the court was convinced this time was excessive and that

5

the jury would be inundated with duplicative evidence introduced in an inefficient manner. Reaves, 636 F.Supp. at 1576. The court in Reaves recognized that, "in an excess of caution the attorney tends to overtry his case by presenting vast quantities of cumulative or marginally relevant evidence," for fear of losing a case by leaving something out. Id. While a civil litigant may be constrained by the economics of a lengthy trial, in a criminal case, the "prosecution, at least in the federal system, seems not to be subject to such fiscal constraints." Id. After considering the facts and circumstances of the case, as well as surveying the law with respect to such time limits, the district court in Reaves limited the government to sixty (60) hours of trial time and the defendants to thirty (30) hours of trial time. Id. at 1581.

Other courts have similarly imposed time limits or other limitations to curtail cumulative evidence in criminal trials. See e.g., Hildebrand, 928 F.Supp. at 845-846 (requiring ex parte disclosures so that court could impose limits on each party for presentation of its case-in-chief, limits on number of witnesses, and limits on exhibits, citing Reaves, 636 F.Supp. 1575 and Duquesne Light Co., 66 F.3d 604); U.S. v. Furey, 491 F.Supp. 1048, 1072 (E.D. Pa. 1980)(imposing limitation of 30 minutes each per defense attorney for closing arguments); U.S. v. White, 589 F.2d 1283, 1289-1290 (5th Cir. 1979) (holding that 30 minute limitation for closing arguments was not an abuse of discretion in prosecution

for conspiracy and mail fraud); U.S. v. Holmes, 44 F.3d 1150, 1157 (2d Cir. 1995)(holding that limitation on number of defense witnesses was not an abuse of discretion; U.S. v. Mobile Materials, Inc., 881 F.2d 866, 877 (10th Cir. 1989); U.S. v. Smith, 441 F.3d 254, 266-267 (4th Cir. 2006).

Here, the government has reiterated the "complexity" of this case and its intent to call a minimum of sixty-three witnesses over the course of the estimated five week trial to present its case-in-chief. The government contends that the case involves no less than ten schemes to defraud, involving false statements, materials diversion, materials theft, ghost workers, diverted workers, and exaggerated rates and hours. However, upon review of the various counts of the indictment and the proffered testimony of the government's witnesses, it appears that much of the testimony will be cumulative.

The indictment contains twenty-seven counts of mail fraud, nine counts of major fraud, and three counts of conspiracy. Although different victims are identified, similar means were allegedly used to defraud each victim. In listing the numerous potential witnesses and summarizing their proffered testimony, the government concedes the cumulative nature and substantial overlap of the testimony related to the common schemes in this case. By way of example, Count 7 alleges mail fraud on or about November 20, 2001 with respect to the construction project at the Pentagon. The

government intends to call more than twelve witnesses to testify regarding the fraudulently generated payroll information in a single letter sent on that date. Counts 17 and 21 also allege mail fraud on two respective dates concerning the construction projects at PNC Park and Peterson Events Center. The government intends to call more than twenty witnesses to testify regarding two checks issued as a result of the alleged fraudulent applications and certificates for payment. Although the government provided a detailed chart identifying which witnesses will testify to each element of the thirty-nine separate counts, the witnesses overlap substantially. Further, according to the summaries of testimony provided, several witnesses' testimony will be substantially similar, with some variation regarding specific dates or construction projects.

As the court in Reaves explained, it is unnecessary to call ten fireman in an arson prosecution to prove a house burned down. 636 F.Supp. at 1576. Despite the government's characterization of this case, it is not "complex" enough to warrant more than a month of trial for the government just to present its case-in-chief. Only three crimes are charged, mail fraud, major fraud, and conspiracy. Because this case involves multiple defendants and multiple counts, many of which charge violations of the same statute and all of which stem from the same alleged conspiracy or schemes, as well as many of the same

8

witnesses, and items of documentary and other evidence, "at least some share of the evidence and testimony that the government intends to present to the jury is likely to be cumulative." See Hildebrand, 928 F.Supp. at 842. The government's approach presents a substantial risk of being both confusing to a jury and excessively long. Upon review of the government's memorandum regarding its expected testimony and the parties' estimates of time needed at trial, reasonable time limitations at trial are appropriate to serve the interests of justice.

Also, the court has considered the constitutional rights of defendants as well as the prosecutorial discretion of the government. Further, the court has considered the practical realities of such a lengthy trial for jurors. Reasonable limits on trial time will ensure that the government and the defendants focus the issues for the jury and present evidence in an efficient and organized manner. It is in the parties' sole discretion to determine how best to use the allotment of time given to them. This order in no way restricts the number of witnesses that any party may call. The government and defendants must, however, budget their allotted time.

In determining a reasonable amount of time to allot each side in this case, the court has considered other "complex" cases and the amount of trial time needed. For example, in U.S. v. Ward, CR 99-101 (W.D. Pa. filed June 6, 1999), a criminal case involving

four defendants charged with a multi-count drug conspiracy, the trial took only ten days. The trial of a defendant facing a 208 count indictment for drug distribution in U.S. v. Rottschaefer, CR 03-162 (W.D. Pa. filed June 2, 2003), took only eight days. Complex civil trials including class actions and securities cases have ranged from ten to eighteen days. See, e.g., Calgon Carbon Corp. v. Potomac Cap. Inv. Corp., et al., Civ. No. 98-72 (W.D. Pa. filed Jan. 12, 1998); In re Industrial Silicon, Civ. No. 95-2104 (W.D. Pa. filed Dec. 29, 1995).

Although this case involves numerous counts and overt acts to defraud various victims by the three defendants, this case is no more complex than many other cases tried before the court. Five weeks of trial time just for the government's case-in-chief lends itself to a seven week trial at minimum. Such a protracted trial on these issues is excessive and invites a cumulative and inefficient presentation to the jury. Reasonable time limitations will facilitate the jury's just determination of this criminal proceeding and eliminate unnecessary expense and delay.

II.    CONCLUSION

For the reasons stated herein, the court will impose the following reasonable time limits at trial:

1.    The United States shall be allowed forty (40) hours of trial time, commencing with the opening

10

statement, including direct examination, cross-examination, requests for side bar conferences and closing statements.

2.    The defendants shall each be allowed twelve (12) hours of trial time, commencing with the opening statements, including direct examination, cross-examination, requests for side bar conferences, and closing statements.

BY THE COURT:

_____, J.

cc:    All Counsel of Record

11